UTICA,
August, 1823.

EASTMAN
v.
TUTTLE.

(a) Vid. 1 *R. L.* 389, *s. 4.*

---

### EASTMAN *against* TUTTLE.

In assumpsit by A against B, for depasturing and keeping on hay the cattle of B, at his request, on land in A's possession, B is estopped to shew that the title of the land was not in A, but in B, at the time the services were performed.

Where a juror was, without the knowledge of the justice or parties, absent, while a witness was under examination, but, as soon as this was discovered, the examination was suspended; and on his return, soon after, the parties proceeded without objection, and re-examined the witness, so that the juror heard all the evidence; *held*, that the judgment ought not, for this reason, to be reversed.

CERTIORARI to a Justice's Court. In assumpsit, by *Tuttle* against *Eastman*, in the Court below, for depasturing and keeping on hay the defendant's cattle, on land in possession of the plaintiff, at the request of the defendant. The depasturing, keeping and request were proved as laid; and the defendant then offered to prove that the title of the land, on which the plaintiff lived and performed the services, was, at the time, in the defendant. This was overruled as improper; and a verdict and judgment rendered for the plaintiff. While a witness was under examination, a juror was absent without the consent of the parties, but he soon returned; the Justice asked the parties whether they would proceed, to which no objection was made, and the witness was re-examined. The examination of the witness was suspended as soon as the absence of the juror was discovered.

*H. Welles,* for the plaintiff in error.

*J. Maynard,* contra.

*Curia.* The Justice decided correctly. It was immaterial in whom the title was. The plaintiff had the possession; and the defendant did not set up any claim by way of

set off for the plaintiff's use and occupation of the land, but merely offered to shew the naked fact of title. The absence of the juror is not sufficient cause for reversing the judgment. The examination of the witness was suspended, as soon as the absence of the juror was discovered; and when he re-appeared the examination commenced *de novo*. He heard all the testimony. It was an inadvertence on the part of the Court as well as the parties, but no injury resulted from it.

<div align="right">

UTICA,
August, 1823.

(*a*) Vid. *Smith* v. *Thompson*, ante, 221, and note (*a*)